1  **HUSCH BLACKWELL LLP**

2  ANDREW B. KLEINER, SB# 276737

   E-Mail: Andy.Kleiner@huschblackwell.com
3
   2415 E. Camelback Road, Suite 500
4  Phoenix, AZ 85016

5  Telephone: 480-824-7890

   Facsimile: 480-824-7905
6
   *Attorneys Dan Kerr Trucking*
7

8

9              UNITED STATES DISTRICT COURT

10   CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

11

| | |
|---|---|
| 12  Yemeni Delights LLC, a California Limited Liability Company, | Civil Action No. |
| 13 | State Case No. 30-2024-01419321-CU-PO-NJC |
| 14        Plaintiff, | |
| 15 | **NOTICE OF REMOVAL TO FEDERAL COURT** |
| 16        vs. | Trial Date:        None Set |
| 17  Pannu Legacy Transport LTD, a | |
| 18  Canadian Limited Company; Five Star | |
| 19  Freight Services, Inc., a Canadian | |
| 20  Corporation; Original Foods Limited, a California Business Entity, form | |
| 21  unknown; BID-ON- | |
| 22  EQUIPMENT.COM, an Illinois | |
| 23  Corporation; John Doe, an individual; John Doe, a California Business Entity, | |
| 24  form unknown; and Does 1 through 20, | |
| 25  inclusive, | |
| 26        Defendants. | |
| 27 | |

28

HB: 4875-0634-2130.1

1    TO THE CLERK OF THE COURT:

2    PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1332 and 1441,

3    Defendant Dan Kerr Trucking, Inc. ("Defendant") removes to this Court the state

4    court action described below on grounds of federal question jurisdiction.

5    **A.    Federal Question Jurisdiction Lies Over This Action**

6    1. On August 13, 2024, Plaintiff Yemeni Delights LLC ("Yemeni" or

7    "Plaintiff") filed its complaint entitled *Yemeni Delights, LLC v. Pannu Legacy*

8    *Transport LTD, et al.,* Case No. 30-2024-01419321-CU-PO-NJC (the "Action") in

9    the Superior Court of California, Orange County. True and correct copies of the

10    summons and complaint filed in the Action are attached to this notice as Exhibits A

11    and B, respectively. Shortly thereafter, Plaintiff filed a Doe Amendment naming

12    Defendant as Doe 1. A true and correct copy of Plaintiff's Doe Amendment is attached

13    hereto as Exhibit C.

14    2. Plaintiff alleges wrongdoing by all defendants that caused damaged to goods

15    during the interstate transport of those goods from Canada to California triggering

16    application of the Carmack Amendment pursuant to 49 U.S.C. § 14706, et seq.

17    3. Specifically, Plaintiff alleges that on or about June 26, 2024, Plaintiff

18    purchased a Rheo KN551 encrusting machine (the "Equipment") and hired Defendant

19    Pannu Legacy Transport LTD to transport and deliver the Equipment to Yemeni

20    Delights." (Exhibit B, ¶¶ 2, 11-13.) Plaintiff further alleges that upon delivery, the

21    Equipment did not match its condition in pre-shipment photographs (*Id*. at ¶ 14), and

22    exhibited "obvious damage" when the trailer was opened. (*Id*.) Plaintiff alleges that it

23    discovered the damage upon receiving the Equipment in Orange County, CA where

24    its principal place of business is located. (Exhibit B, ¶¶ 1, 10.)

25    4. Attached hereto as Exhibit F is a true and correct copy of the Bill of Lading[1]

26

27    [1] "In assessing the propriety of removal, the district court considers the allegations in both the

28    complaint and notice of removal as well as any documents attached." *Canesco v. Ford Motor Co*.,

2

1  or interstate shipping contract for the interstate transport of the Equipment. The Bill

2  of Lading identifies the origin as being in Ontario, Canada. (*Id*.)

3          5. Plaintiff seeks relief via two state law causes of action, including gross

4  negligence and negligence. (See Exhibit B.)

5          6. The Carmack Amendment, 49 U.S.C. § 14706, completely preempts

6  Plaintiff's state and common law claims for gross negligence and negligence.

7  "Congress intended for the Carmack Amendment to provide the exclusive cause of

8  action for loss or damage to goods arising from the interstate transportation of those

9  goods by a common carrier. Accordingly, we hold that the complete preemption

10  doctrine applies. Because the Carmack Amendment provides the exclusive cause of

11  action for such claims, we find that [Plaintiff's] claims only arise[] under federal law

12  and could, therefore, be removed under § 1441." *Hoskins v. Bekins Van Lines*, 343

13  F.3d 769, 778 (5th Cir. 2003) (emphasis added); *Project Hope v. M/V Ibn Sina*, 250

14  F.3d 67, 74 n.6 (2d Cir. 2001) (Carmack preempts state and common law claims

15  against a carrier for loss or damage to goods) (emphasis added); see also *See Hall v.*

16  *N. Am. Van Lines, Inc*., 476 F.3d 683, 688–89 (9th Cir.2007) (holding that the

17  Carmack Amendment is the "exclusive cause of action" against a carrier of interstate

18  goods, and this extends to "all manner of harms" arising from loss or damage to the

19  shipment.); *Shao v. Link Cargo*, 986 F.2d 700, 704-05 (4th Cir. 1993); *Underwriters*

20  *at Lloyds of London v. N. Am. Van Lines*, 890 F.2d 1112, 1120-21 (10th Cir. 1989).

21          7. Plaintiff's failure to expressly plead a Carmack Amendment claim does not

22

---

23  570 F. Supp. 3d 872, 882 (S.D. Cal. 2021) (citing *Lowery v. Ala. Power Co*., 483 F.3d 1184, 1213

24  (11th Cir. 2007)); see also *Hall v. Live Nation Worldwide, Inc*., 146 F. Supp. 3d 1187, 1198 n.31
   (C.D. Cal. 2015) (denying a motion to remand while noting that "in determining whether removal

25  jurisdiction exists, the court is not limited to documents attached to the notice of removal" and may
   even "consider supplemental evidence later proffered by the removing defendant"). Here, Plaintiff

26  entered into a contract with one or more parties for transporting the Equipment from Canada to
   California. The Complaint does not describe, explain, or include this contract. However, the

27  allegations in the Complaint imply that Plaintiff entered into an interstate shipping contract. For the
   purpose of this removal, the interstate shipping contract or Bill of Lading for the Equipment should

28  be included in the pleadings to establish that removal is proper.

HB: 4875-0634-2130.1

1    affect this Court's original jurisdiction over the Action. Specifically, "[w]hen the

2    federal statute completely pre-empts the state-law cause of action, a claim which

3    comes within the scope of that cause of action, even if pleaded in terms of state law,

4    is in reality based on federal law." *Ben. Nat'l Bank v. Anderson*, 539 U.S. 1, 8, 123 S.

5    Ct. 2058, 2063 (2003). Since Plaintiff's state law claims for loss or damage to an

6    interstate shipment are preempted by Carmack, Plaintiff's claims are based on federal

7    law and qualify as a federal question on their face.

8         8. Title 28 U.S.C. 1337(a) grants original jurisdiction only to Carmack cases

9    exceeding $10,000 in controversy. Thus, Carmack cases are not removable "unless

10   the matter in controversy exceeds $10,000, exclusive of interest and costs." 28 U.S.C.

11   § 1445(b). Plaintiff claims at least $50,000 in damages. (Exhibit B, ¶ 11.) Therefore,

12   it is apparent from the face of the complaint that Plaintiff's claim for damages exceeds

13   the minimum jurisdictional value of $10,000, as required by 28 U.S.C. §§ 1337(a)

14   and 1445(b).

15        9. Removal of the above-entitled action to this Court is therefore permissible

16   under 28 U.S.C. §§ 1337(a), 1441, and 1445(b) in that it is a civil action to recover

17   damages for the alleged delay, loss, or injury of shipments arising under the Interstate

18   Commerce Act, which is completely preempted by federal law, and the amount-in-

19   controversy exceeds the sum of $10,000.00, exclusive of interest and costs.

20        10. Defendant disputes Plaintiff's allegations and denies that Plaintiff is entitled

21   to judgment against it.

22        11. Defendant voluntarily appears in this action for purposes of removal, but

23   reserves all objections, arguments, and defenses to Plaintiff's complaint. Thus, this

24   notice of removal is filed subject to and with reservation of rights by Defendant

25   including, but not limited to, defenses and objections to venue, improper service of

26   process, personal jurisdiction, and any other defenses Defendant might pursue. A

27   responsive pleading or motion will be filed in accordance with Fed. R. Civ. P. 81.

28        12. The liability of a motor carrier, such as Defendant as alleged in the Action,

4

for reported loss or damage to an interstate shipment of property or goods is exclusively governed by the Carmack Amendment to the Interstate Commerce Act. 49 U.S.C. § 14706.

**B.     The Removal Notice is Timely**

13. Defendant's first receipt of Plaintiff's Doe Amendment, Summons and Complaint was through service on Defendant on September 25, 2024.

14. This notice of removal is timely because, pursuant to 28 U.S.C. § 1446(b), Defendants have until October 25, 2024, to file this petition.

**C.     All Other Prerequisites for Removal Have Been Satisfied**

15. This removal notice is filed in the United States District Court for the Central District of California because the Action is pending in the Orange County Superior Court.

16. Defendant has sought no similar relief with respect to this matter.

17. Written notice of the filing of this Notice of Removal will be given to the adverse parties as required by 28 U.S.C. § 1446(d).

18. As of the date of this filing, no other party has appeared in this matter and therefore, Defendant is unable to obtain the consent of any other Defendants.

19. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of the following process, pleadings, and orders served upon or by Best Bay in the Action, are attached hereto as Exhibits A through B.

A.     Summons

B.     Complaint

C.     Doe Amendment naming Defendant

D.     Civil Cover Sheet

E.     Notice of Hearing – Case Management Conference

20. In removing the Action to this Court, Defendant does not admit any allegations and does not waive any defenses it may have to Plaintiff's claims.

HB: 4875-0634-2130.1

1   DATED:  October 25, 2024

2                         **HUSCH BLACKWELL LLP**

3

4

5                    By:      */s/ Andrew B. Kleiner*

6                         ANDREW B. KLEINER

                          *Attorneys for Defendant Dan Kerr*

7                          *Trucking, Inc.*

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

6

1

**CERTIFICATE OF SERVICE**

2    I hereby certify that on October 25, 2024, I electronically transmitted the

3 attached document to the Clerk's Office using the CM/ECF System for filing and

4 transmittal of a Notice of Electronic Filing and transmitted the same via E-mail to the

5 following CM/ECF registrants:

6

7    Masood Khan
    Haroon Manjlai

8    KHAN & MANJLAI, LLP
    9434 Haven Ave, Suite 100

9    Rancho Cucamonga, CA 91730
    mk@khanmanjlai.com

10    hm@khanmanjlai.com

11    *Attorneys for Plaintiff Yemeni Delights LLC*

12

13

14                    */s/Marcy McAlister*

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7

HB: 4875-0634-2130.1